## KENISTON & a. v. THE STATE.

The constitutional provision, that no person shall hold the office of judge of any court after he has attained the age of seventy years, does not apply to justices of the peace.

HABEAS CORPUS. The plaintiffs were arrested on a complaint charging an assault with intent to kill, and brought before William A. Shackford, a justice of the peace for the county of Rockingham, for examination, and were by him ordered to furnish bonds for their appearance at the supreme court, and stand committed till said order be performed. The question is, whether said justice was disqualified to make such order by reason of his age, he being seventy-six years old.

*Copeland & Edgerly*, for the plaintiffs.

*Mellows*, for the state.

ALLEN, J. The question presented is, whether a justice of the peace, by reason of having attained the age of seventy years, is disqualified to hear the examination of a person charged with crime, and commit him for want of bail. The plaintiffs claim that the act of the magistrate in examining and ordering them to furnish bonds for appearance at the supreme court was beyond his official powers, and unauthorized by law, by reason of article 78 of the second part of the constitution, providing that " No person shall hold the office of judge of any court " after he has attained the age of seventy years.

The office of justice of the peace is not one of those expressly named in article 78 as withheld from any person by reason of age. Though the office is judicial in its character, and the incumbent, in the trial of causes within his jurisdiction and the examination of persons charged with crime, may be said to sit as a court, it is distinct from the office of judge of a court, and it would not seem that the framers of the constitution intended to include within that office the office of justice of the peace without naming it in terms. The article excludes any person of the age of seventy years from holding " the office of judge of any court, or judge of probate, or sheriff of any county." No others are named. If it was intended to place a justice of the peace within the restriction of the article, and the office was not mentioned by name because it was thought to be included within that of judge of any court, the same reason would have led to the omission of the judge of probate, who in every sense is judge of a court.

The intention of the framers of the constitution, and the proper construction of the article in question, which is the ascertainment

of that intention, are made more manifest by reference to the context. Article 79 provides that "No judge of any court or justice of the peace shall act as attorney, or be of counsel to any party, or originate any civil suit in matters which shall come or be brought before him as judge or justice of the peace." The office of judge and justice of the peace are in this article recognized as separate and distinct offices, each being named in two instances. Had it been the intention to include the latter in the former, no such repetition would have been necessary or probably used. The same phraseology would have been used in article 78, where the office of justice of the peace is not named. If "the office of judge of any court" was intended as a descriptive phrase broad enough to include all officers whose duties are for the most part of a judicial nature, and particularly justices of the peace, and for that reason they were not named in article 78, they would not, for the same reason, have been designated in article 79. The maxim, *expressio unius*, &c., is illustrated and made emphatic by the context. Article 75 provides that "In order that the people may not suffer from the long continuance in place of any justice of the peace who shall fail in discharging the important duties of his office with ability and fidelity, all commissions of justices of the peace shall become void at the expiration of five years from their respective dates, and upon the expiration of any commission, the same may, if necessary, be renewed, or another person appointed, as shall most conduce to the well-being of the state." The limit of the office is here fixed at five years, and no hint is given that the commission would expire, or not be renewed, if the appointee should meanwhile have reached the age of seventy years, or that the people would on that account suffer from his failure to discharge "the important duties of his office with ability and fidelity."

There has been no change in article 78 since its introduction into the constitution a hundred years ago; and from the fact that justices of the peace have been appointed and have acted in their office without regard to great age, and during that time no one has raised in court the question of their right to hold the office and perform its duties after the age of seventy, the common understanding must have been that the office of justice of the peace was not included in the "office of judge of any court;" as that phrase is used in the constitution. The general understanding upon the subject has been evinced by the legislature continuously since 1818, when, after a preamble reciting that the provision of the constitution forbidding any person to hold the office of judge of any court, judge of probate, or sheriff of any county had, in certain cases, been disregarded, it was enacted that no person appointed to any one of these offices (naming them) should hold the appointment, or perform any duty of the office, or receive any fee or salary therefor, until he should have deposited in the office of secretary of state a certificate of the date and place of his birth. N. H. Laws,

1830, *tit.* II, *c.* 4. The same statute, with the subsequent addition of clerks of courts and registers of probate, has ever since been in force. R. S., *c* 15, *s.* 1; C. S., *c.* 15, *s.* 1; Gen. St., *c.* 17, *s.* 1; G. L., *c.* 18, *s.* 1. Justices of the peace were never named in the statute among those required to file the certificate. Had it been understood by the legislature that those officers were disqualified from acting at the age of seventy years, they would have been included in the statute among those of whose age it was deemed necessary to preserve evidence in a public office.

It has been decided in *Golding's Petition*, 57 N. H. 146, citing *Moore* v. *Graves*, 3 N. H. 408, that an infant cannot hold the office of justice of the peace. That decision was not founded upon any constitutional or statute disqualification, but upon the common-law disability of infants to perform judicial duties. At common law, persons of seventy years of age and upwards are not, for that reason, under any disability.

In New York, under a provision of the constitution that "No person shall hold the office of justice or judge of any court longer than until and including the last day of December next after he shall be seventy years of age," it has been decided that the restriction of age applies to justices of the peace. *People* v. *Mann*, 32 Hun 441. The legislature of New York has established "courts of justices of the peace," and the language in the restricted clause of the constitution of that state, in the absence of conflicting words in the context, forcibly leads to the conclusion reached in the case last cited. The reasons for the decision in that case are not applicable here.

The conclusion is, that in New Hampshire a justice of the peace is not disqualified from performing any duty pertaining to his office by reason of being more than seventy years of age; and the proceedings of the magistrate in hearing the examination and making the order for the plaintiffs to give bonds, were within his lawful powers. The plaintiffs will recognize or give bonds for their appearance, or stand committed.

*Writ denied.*

Doe, C. J., did not sit: the others concurred.